MEMORANDUM **
California state prisoner Derek Tate appeals pro se from the district court’s judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.
The admission of prior bad act evidence under California Evidence Code § 1108 was harmless error, as it was also properly admitted under California Evidence Code § 1101(b) to show identity and intent. The state courts’ determination that the § 1108 instruction did not violate due process was not contrary to or an unreasonable application of clearly established Supreme Court precedent. See Alberni v. McDaniel, 458 F.3d 860, 866-67(9th Cir. 2006).
Tate was afforded a reasonable opportunity to make a timely request to testify, but failed to do so. Accordingly, the state courts’ determination that Tate is not entitled to relief based on the trial court’s denial of his untimely motion to testify was not contrary to or an unreasonable application of clearly established federal law. Cf United States v. Pino-Noriega, 189 F.3d 1089, 1095 (9th Cir.1999).
Tate’s counsel’s failure to challenge the introduction of prior bad acts evidence under § 1108 did not constitute ineffective assistance of counsel as the evidence was properly admitted under § 1101(b). See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, the record indicates that Tate’s counsel did make objections to the intro- *252 duetion of the evidence under California Evidence Code § 1101(b) and, when they were overruled, offered to stipulate to the prior acts in order to preclude live testimony from the prior victim.
The trial court’s grant of Tate’s motion for self-representation did not violate Faretta v. California, 422 U.S. 806, 95 5.Ct. 2525, 45 L.Ed.2d 562 (1975). Tate’s motion to represent himself was unequivocal, timely, voluntary, and knowing. See id. at 835-36, 95 S.Ct. 2525. The trial court properly denied Tate’s motion for a continuance because it did not render Tate’s right of self-representation meaningless. See Armant v. Marquez, 772 F.2d 552, 556-57 (9th Cir.1985). Tate’s trial was effectively continued for two-and-a-half months after Tate’s motion for self-representation was granted on September
6.
Tate has failed to show that the prosecution withheld exculpatory evidence and has failed to explain why the challenged evidence is material. See Brady v. Maryland, 373 U.S. 83, 87-88, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
Tate’s remaining claims, even when construed liberally, were not fairly presented to the state courts or are time-barred. Therefore, relief on those grounds must be denied.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.